UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRERET MARINE SUPPLY, a division of FRERET HARDWARE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 00-3805-LMA-SS** |
| **M/V ENCHANTED CAPRI, in rem** | |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned. Rec. doc. 312. On June 10, 2004, the District Judge dismissed the action. The Court retained jurisdiction for all purposes, including disbursement of funds to the crew members of the MV Enchanted Capri and supervision of the disbursement by the Dodson Group. Rec. doc. 990. The order of dismissal provided:

> As to the disbursement of funds, within ten (10) working days of the date of this order, the Dodson Group shall send a court approved follow-up letter to those crew members who have not returned disbursement forms. The Dodson Group is instructed to continue to accept disbursement forms through and including January 31, 2005. The Dodson Group shall render updates regarding the disbursement process on a quarterly basis commencing on June 30, 2004. At the conclusion of the disbursal process, the Court will direct, in its sole discretion, the disposition of any remaining undisbursed amount.

Id. at p. 2.

On February 16, 2005, the Dodson Group filed a motion for disposition of un-disbursed wages. It reported that, pursuant to the Court's June 10, 2004 order, it had disbursed $489,386.00 to 206 members of crew of the Enchanted Capri. The sum of $29,812.49 remained to be disbursed to 44 seafarers. It sought to have the International Transport Workers Federation in London,

England ("ITF") distribute the remaining funds. Rec. doc. 1004. The motion was denied. Rec. doc. 1005. The period for the Dodson Group to accept claims from the 44 seafarers was extended to July 31, 2005. Rec. doc. 1008. On November 14, 2005, the deadline was extended to March 31, 2006 because of difficulties in communicating with some seafarers. Rec. doc. 1023. On April 7, 2006, the deadline was extended to September 29, 2006. Rec. doc. 1024. As of April 5, 2006, the sum of $26,172.52 remained to be disbursed to 39 seafarers. On October 4, 2006, the Dodson Group reported that the sum of $25,951.02 remained to be disbursed to 38 seafarers. The Dodson Group has not disbursed any sums since October 4, 2006 because no further crew members have contacted the group.

The Dodson Group suggests that the best way to disburse the remaining funds is for the Court to order the Dodson Group to deliver the funds to the ITF subject to the following conditions:

1. The funds shall be held in trust by the ITF for the benefit of the individual seafarers and their families only.

2. The funds shall be disbursed directly to the seafarers upon their order.

3. The funds shall be held at interest for the seafarers.

4. The funds shall be held in perpetuity for the benefit of only the individual seafarer and his or her family.

5. The ITF shall publicize, at its own expense through its own publications, the fact that there are settlement funds held for the former crew members of the MV Enchanted Capri and that those seafarers shall be strongly encouraged to contact the ITF in London in order to collect their funds. This final requirement shall be published in the language of the individual seafarer's home country.

The Dodson Group represents that these conditions are acceptable to the ITF. The acceptance of these conditions by the ITF shall be filed in the court record.

The undersigned finds that, for the last two years, the Dodson Group has made every reasonable effort to disburse the remaining money. During that time, however, it was able to disburse less than $4,000 to six seafarers. Under these circumstances, delivery of the remaining funds to the ITF in London provides the best means for disbursing the remaining sum to the 38 seafarers. Accordingly,

IT IS RECOMMENDED that the Court order Poynter, Mannear & Colomb (APLC) and Dodson & Hooks (APLC) to deliver the sum of $25,951.02 to the ITF with all identification available regarding the remaining 38 seafarers, and that delivery of said sum be conditioned on the ITF's written acceptance of the conditions described above.

New Orleans, Louisiana, this 16th day of February, 2007.

                                              **SALLY SHUSHAN**
                                  **United States Magistrate Judge**